CHALOS, O'CONNOR & DUFFY
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Timothy Semenoro (TS-6847)

**JUDGE SWAIN**

AUG 0 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EUROPEAN DIESEL SERVICES, LTD.,

                                Plaintiff,



                v.                                     **VERIFIED COMPLAINT**

M/V BART ROBERTS, her engines, boiler, tackle,
etc., *in rem*; and TRANSCROFT LIMITED,
RKM YACHT DEVISION, and RKM TRADING,
*in personam*,

                                Defendants.
-----------------------------------------------------------------X

        Plaintiff EUROPEAN DIESEL SERVICES, LTD. (hereinafter "EDS"), by its attorneys,

as and for its Verified Complaint against the Defendants M/V BART ROBERTS,

TRANSCROFT LIMITED, RKM YACHT DEVISION, and RKM TRADING, alleges upon

information and belief as follows:

                                JURISDICTION

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. § 1333.

                                THE PARTIES

        2.      At all times material hereto, Plaintiff EDS was and still is a foreign business

entity duly organized and existing pursuant to the laws of a foreign country with and office and

principal place of business at Darby Lane, Wigan, WN2 3DW, United Kingdom.

3.    The Plaintiff EDS is engaged in business of repairing diesel engines and providing related services for hire.

4.    At all times material hereto, the said vessel M/V BART ROBERTS was and now is a 71.79 meter private yacht, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

5.    At all times material hereto, Defendant TRANSCROFT LIMITED (hereinafter "Transcroft") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place business at Akara Building, 24 De Castro Street, Wickhams Cay, Road Town, Tortola, British Virgin Islands.

6.    The Defendant Transcroft is the registered owner of the M/V BART ROBERTS.

7.    At all times material hereto, Defendant RKM YACHT DEVISION (hereinafter "RKM Yacht") was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place business in Dubai, United Arab Emirates.

8.    The Defendant RKM Yacht is engaged in business as an agent for the owners of vessels and/or managing vessels.

9.    At all material times hereto, the Defendant RKM Yacht was the manager of the M/V BART ROBERTS, and all invoices presented by Plaintiff EDS in connection with the repair of the engine on board the M/V BART ROBERTS were presented to the Defendant RKM Yacht.

10.    At all times material hereto, Defendant RKM TRADING (hereinafter "RKM Trading") was and still is a foreign business entity duly organized and existing pursuant to the

laws of a foreign country with an office and principal place business in Dubai, United Arab Emirates.

11.     The Defendant RMK Trading is engaged in business as an agent for the owners of vessels and/or managing vessels.

12.     At all times material hereto, Defendant RKM TRADING paid certain invoices presented by Plaintiff EDS in connection with the repair of the engine on board the M/V BART ROBERTS.

FIRST CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

13.     On or about November 8, 2006, the Master of the MV BART ROBERTS, as an employee and/or representative of Defendant TRANSCROFT LIMITED, owners of said yacht, and/or RKM Yacht and/or RKM Trading, as managers and/or agents of the owners of said yacht, requested the services of Plaintiff EDS, by telephone and E-mail, for the purpose of repairing and supplying spare parts for a damaged main engine aboard said yacht in Dubai.

14.     On or about November 10, 2006, Plaintiff EDS confirmed that two employees could attend the vessel and set forth the terms of employment, including hourly rates, per diem rates, air fare and accommodations to be paid by defendants at cost.

15.     On or about November 27, 2006, the Master of the MV BART ROBERTS, in response, requested that said Plaintiff EDS' employees travel as soon as possible to the subject vessel to carry out the necessary repairs.

16.     On or about February 19, 2007, said defendants requested of Plaintiff EDS, by written order form, the services of an additional engineer for the purpose of repairing the damaged main engine in Dubai.

3

17.     On both aforesaid occasions, Plaintiff EDS promptly sent personnel to Dubai for the purpose of repairing the damaged main engine and also sent corresponding spare parts.

18.     These EDS employees did travel to Dubai, parts were shipped by Plaintiff EDS and received by defendants, and the repair was completed by EDS employees by late June 2007.

19.     At regular intervals during and after the repair, Plaintiff EDS did provide the defendants with invoices for work completed and spare parts provided, and did provide the defendants with a written statement of account.

20.     The oral and written communications for the purpose of repairing the main engine and supplying parts for said repair for an ocean going vessel constitute a maritime contract between Plaintiff EDS and the defendants (hereinafter collectively referred to as the "maritime contract").

21.     In breach of the maritime contract, the defendants have failed to pay the full balance now due and owing for the services rendered and parts supplied even though this balance has been demanded by Plaintiff EDS repeatedly and the defendants have agreed to pay said invoices.

22.     As Plaintiff EDS has performed all of its obligations under the maritime contract and the defendants have failed to pay the balance now due and owing, Defendant MV BART ROBERTS is liable *in rem* for necessary services received and the other defendants are liable *in personam* to Plaintiff EDS for damages in the amount of GBP 67,790, or US $138,271.03, plus awardable interest, fees and costs.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

23.     Plaintiff repeats, reiterates and realleges paragraphs 1 through 22 with the same

force and effect as if fully set forth herein.

24.     After the aforementioned repairs were made and parts were supplied, a just and

true account was made and stated, in addition to the regularly presented interim invoices,

between the defendants, which showed the balance due and owing to Plaintiff EDS; which

account was delivered and received and accepted by defendants; and retained by defendants

without timely objection being made thereto or to any item thereof.

25.     Defendants have failed to pay the sum of GBP 67,790, or US $138,271.03, said

sum being the account stated and remains due and owing.

26.     By reason of the foregoing, Plaintiff EDS has sustained damages, in the amount

of GBP 67,790, or US $138,271.03, plus awardable interest, fees and costs, no part of which has

been paid, although duly demanded.

## PRAYER FOR RELIEF

27.     There are now, or will be during the pendency of this action, certain assets,

accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic

fund transfers, payments for bunkers, goods or services, bills of lading, cargo, debts and the like

belonging to or claimed by the *in personam* defendants within this District and held by various

parties, as garnishees.

28.     Plaintiff believes that some of these assets, in bank accounts and/or as funds being

transferred through intermediary banks are located in this District in the possession of

garnishees, including American Express Bank, Ltd., Bank of America, Bank of New York,

Citibank NA, Deutsche Bank, HSBC Bank USA NA, JP Morgan Chase Bank, Standard

Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

29.     As set forth in the accompanying Declaration of Timothy Semenoro, the *in personam* defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

30.     Because this Verified Complaint sets forth an *in personam* maritime claim against the defendants and because the *in personam* defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against these defendants and/or *quasi in rem* jurisdiction over the property of these defendants so that an eventual judgment and/or award can be satisfied.

31.     In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable interest, fees and costs.

32.     Plaintiff's aggregate claim against the defendants amounts to US $220,170.90, which is comprised of the underlying principle claim of US $138,271.03, plus estimated awardable interest of US $ 170,170.90 (7% per annum compounded for 3 years at quarterly rests) and costs and fees of US $ 50,000.00.

WHEREFORE, Plaintiff prays as follows:

A.     That the defendants be summoned to appear and answer this Verified Complaint;

B.      That the *in personam* defendants not being found within this District, as set forth

in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter

hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by these defendants within this District up to the amount sued for herein

be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.      That process in due form of law according to the practice of this Court in causes

of admiralty and maritime claims, may issue against said vessel, her engines, etc., pursuant to

Supplemental Rule C and that all persons having or claiming any interest therein be cited to

appear and answer under oath, all and singular the matter aforesaid, and that this Court will be

pleased to pronounce judgment in favor of plaintiffs for their damages as aforesaid, with interest,

costs and disbursements, and that the said vessel may be condemned and sold to pay therefore;

D.      That this Court retain jurisdiction over this matter through the entry of a judgment

either by this Court, and/or the London arbitration panel, so that judgment may be entered in

favor of Plaintiff for the amount of its claim with costs, i.e. US $ 220,170.90, and that a

judgment of condemnation and sale be entered against the property arrested and attached herein

in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

E.      That Plaintiff has such other and further relief as the Court may determine to be

just and proper under the circumstances.

Dated: Port Washington, New York          CHALOS, O'CONNOR & DUFFY, LLP
       August 6, 2007                     Attorneys for Plaintiff

                          By:

                                          _____
                                          Owen F. Duffy (OD-3144)
                                          Timothy Semenoro (TS-6847)
                                          366 Main Street
                                          Port Washington, New York 11050
                                          Tel:  (516) 767-3600 / Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EUROPEAN DIESEL SERVICES, LTD.,

Plaintiff,

v.

M/V BART ROBERTS, her engines, boiler, tackle,
etc., *in rem*; and TRANSCROFT LIMITED,
RKM YACHT DEVISION, and RKM TRADING,
*in personam*,

Defendants.
-------------------------------------------------------------X

07 CV _____

**VERIFICATION OF
COMPLAINT**

  Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

  1. I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff EUROPEAN DIESEL SERVICES, LTD., herein;

  2. I have read the foregoing complaint and knows the contents thereof; and

  3. I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      August 6, 2007

                      CHALOS, O'CONNOR & DUFFY, LLP
                      Attorneys for Plaintiff

By:

                      Owen F. Duffy (OD-3144)
                      Timothy Semenoro (TS-6847)
                      366 Main Street
                      Port Washington, New York 11050
                      Tel:  (516) 767-3600 / Fax:  (516) 767-3605

2